# EXHIBIT A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**March 18, 2021 20:35**

By: MICHAEL T. CONWAY 0058413

Confirmation Nbr. 2207685

MURRAY FISHER                                    CV 21 945294

  vs.
                                   **Judge:** JOSEPH D. RUSSO

AIRGAS, ET AL

**Pages Filed:** 7

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Murray FISHER,<br>4000 Hamilton Road,<br>Medina, Ohio 44256,<br>               Plaintiff,<br><br>-vs-<br><br><br>AIRGAS,<br>259 N Radnor-Chester Road<br>Radnor, PA 19087,<br>               Defendant,<br><br>-and-<br><br>AIRGAS,<br>7600 Oak Leaf Road,<br>Oakwood, Ohio 44146,<br>               Defendant.<br><br>-and-<br><br>Kristopher MAJORS, an individual,<br>Care of AIRGAS<br>21610 Alexander Road<br>Oakwood Village, Ohio 44146,<br>               Defendant. | Case No. _____<br><br>Judge _____<br><br><br><br>COMPLAINT<br>1. RC 4112 Discriminatory employment termination based on disability.<br>2. RC 4112 Failure to accommodate.<br>3. Ohio Public Policy Tort.<br>4. RC 4112 Unlawful targeted medical examination.<br><br><br><br><br><br>JURY DEMAND |

    Now comes the Plaintiff MURRAY FISHER and for his cause of action against the Defendants jointly and severally says the following:

1. Plaintiff Murray FISHER is a 54 year old white male resident of Medina County, Ohio.

2. Defendant AIRGAS is a corporate resident of Cuyahoga County, Ohio and has a headquarters in Radnor, Pennsylvania. Airgas is a multi-billion dollar U.S. supplier of industrial, medical and specialty gases, as well as welding hardgoods, related products and consumables and has a labor force in excess of 1000 employees. Airgas is one of the largest U.S. suppliers of safety products and a leading U.S. supplier of ammonia products and process chemicals. AIRGAS is owned by a holding company in Paris, France called AirLiquide Group.

3. AIRGAS is managed by human resources officers William LOWERY and Sherrie SHIFLETT and a supervisor Kristopher MAJORS at its Cuyahoga County location in Oakwood Village. MAJORS' home address will be supplemented in an amended pleading when identified in the civil action discovery process.

4. Plaintiff began his employment with the Defendant AIRGAS on 28 OCT 2019 to work in one of its fabrication shops in Oakwood Village as a technician building gas handling systems, ventilation, gas detection and cabinets for holding equipment. The Plaintiff's rate of compensation was about $28.00/hour plus overtime pay and benefits annualizing to over $54,000.00/year +.

5. In August of 2020 the Plaintiff suffered from a cancerous liver tumor.

6. The Defendant was required to let the Plaintiff to take short term disability insurance leave to medically treat for his condition at Cleveland Clinic in lieu of FMLA leave as it was a benefit related to employment compensation. The Plaintiff's last day of work before short term leave began was 7 AUG 2020.

7. The Plaintiff attempted to take FMLA, 29 USC 2601 *et seq* leave to address the said cancer condition and the Defendant denied the request claiming the Plaintiff was not eligible

for FMLA leave since he had worked only 9 months for the employer at the time of his request instead of the required 12 months to gain eligibility under the statute.

8. The Defendant by its authorized managerial agents indicated to the Plaintiff he was required to return to work by 7 OCT 2020 or he would be terminated. The Plaintiff returned to work duties on 15 OCT 2020 after submitting a written request for approval of his return to work to the Defendant employer which was granted on 14 OCT 2020. Plaintiff used an Airgas 'return-to-work' form release form Plaintiff's doctor which identified physical or mental limitations put on Plaintiff by his medical condition. By the time the Plaintiff returned to work, the Defendant had advised him "we evaluated your request and determined that you are eligible for reasonable accommodation in the form of a medical leave of absence. At this time, we have determined that we can accommodate this request for leave through Oct 7, 2020 as indicated by your latest work status report from your treating physician." It appears the Defendant extended the Plaintiff's time for submission of a RTW form but that was not a gratuity given an employer has a legal duty to comply with disability accommodation laws, it regarded the Plaintiff as disabled, and Defendant cannot restate for example, Ohio anti-discrimination law in an HR policy to provide itself with an advantage over an employee and then demand that the Plaintiff comply with it.

9. On 4 NOV 2020 the Plaintiff was subjected to a targeted drug abuse test by the employer after it appears the employer suspected the Plaintiff was using a marijuana related product for cancer treatment pain management. The Plaintiff's urine indicated positive on test results for a THC derivative such as marijuana (MJ hereafter) and Plaintiff was informed by the employer as to the results on 10 NOV 2020.

10. However, the MJ that showed positive on the said test was a DOJ non-schedule I commercially available marijuana extract akin to *hemp* taken for pain management related to cancer treatment which included radiotherapy procedures through 23 OCT 2020. The substance used by the Plaintiff contained less than 0.3% Delta-9 THC.

11. Hemp is a legal product sold over the counter in oils and other forms. 21 USC 802 (16)(A) states "subject to subparagraph (B), the term "marihuana" means all parts of the plant

Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin. (B) The term "marihuana" <u>does not</u> include— (i) <u>hemp</u>, as defined in section 1639o of title 7; or (ii) the mature stalks of such plant, fiber produced from such stalks, <u>oil</u> or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination."

12. MJ and hemp products that contain less than 0.3% Delta-9 THC are not controlled substances and therefore legal for over counter use in pain management. Without abatement of the pain in issue the Plaintiff could not swallow even water unless otherwise anesthetized by a narcotic.

13. On 11 NOV 2020 the Plaintiff was placed on leave of absence without pay from his employment with the Defendant corporation by Defendant Kristopher MAJORS because of the positive drug test and processing the Plaintiff for termination of employment. MAJORS who knew the truth about the Plaintiff's legal use of hemp was in a position to protect the Plaintiff from wrongful and discriminatory termination of employment under Ohio state law and did not in spite of having a duty to do so as a person acting in the interest of an employer.

14. The Plaintiff fully disclosed his use of a hemp product including photographs of the same and stated it was used for what purpose to MAJORS and the Defendant corporation on 22 NOV 2020 via legal counsel (not the undersigned).

15. The Plaintiff's cancer is a disability as defined by Ohio RC 4112.02 *et seq*. and the Americans with Disabilities Act. The Plaintiff was actually and regarded as disabled by the employer at all times relevant and owed an accommodation including use of a hemp product to manage cancer treatment pain which did not impair his ability to work after ingestion of such substance during off work hours and it did not create a safe workplace threat. The Plaintiff did not use the said substance at work.

16. On 9 DEC 2020 the Defendant corporation via MAJORS terminated the Plaintiff's employment claiming it was because of his alleged drug test result. The Defendant corporation

including HR manager William LOWERY were aware or should have been aware that the termination of the Plaintiff was being justified by a pretextual excise, and was discriminatory and illegal.

17. As a direct, proximate and foreseeable consequence of the Plaintiff's employment termination, the Plaintiff was damaged by the loss of a valuable career, wage income and suffered social stigma, humiliation, insult, pain, fear, anger, depression and was otherwise damaged.

18. The conduct of the Defendants jointly and severally was intentional and malicious.

19. All following causes of action are incorporated herein.

## ONE

20. The Plaintiff was disabled by cancer within and could continue to work for the Defendant corporation with a reasonable accommodation of being allowed to pain manage cancer treatments with a legal drug in spite of its showing up on a random or targeted drug test conducted by any 3rd person for the employer. The Defendant was made aware of the Plaintiff's condition and went through with the illegal firing anyway and therefore violated Ohio RC 4112.02 prohibitions on disability discrimination based on termination of employment. Plaintiff was damaged as averred.

## TWO

21. The Defendant failed to accommodate the Plaintiff's actual or regarded as disabling condition of cancer as defined by Ohio RC 4112.01 (A)(16)(a)(iii). The Plaintiff was damaged as averred.

## THREE

22. The termination of an at-will employee in Ohio for use of a legal medical substance to control cancer pain regardless of the extent of the mental or physical disability of the Plaintiff is against the public policy of the State as defined by common law and statute to protect employees who desire to work in the labor market with reasonable pain management for cancer treatment.

The protected class of employees under this policy do not create an unsafe workplace and they must be protected by this Court from discriminatory termination meant to use the stigma of a cancer diagnosis as a measure of job worthiness and not one's actual objectively measured job performance and ability.

23. An employer like the Defendants in this case, acting jointly and severally who engaged in such conduct in violation of said public policy jeopardizes (undermines the protection and benefits of) that policy and impairs the public interest in maintaining an otherwise qualified and productive work force, and further prevents unfair treatment resulting in unemployment and a draw on the State treasury to pay unemployment compensation insurance.

24. The Plaintiff's termination of employment was caused by the jeopardization of the said public policy and there is no legitimate overriding business justification that constitutes a defense to the wrongful termination. Plaintiff was damaged as averred.

## FOUR

25. The targeted drug testing of the Plaintiff was not based on reasonable suspicion that the Plaintiff was using illegal substances or was under the influence of a drug at work, or a desire to run a drug free workplace, but to find a pretextual excuse to terminate the Plaintiff because he had cancer and would miss some work because of it and in violation of Ohio RC 4112.02 (A). Forcing an employee to undergo a mental health examination to detect a disability for a non-legitimate purpose is a form of discrimination under both Ohio RC 4112.02 (A) (prohibiting disability discrimination that affects conditions and terms of employment) and the Americans with Disabilities Act used to interpret Ohio RC 4112.02 (A). Indeed, a covered entity **shall not require a medical examination and shall not make inquiries** of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity. 42 U.S.C. § 12112(d)(4)(A).

26. This cause of action does not seek to assert a federal claim and is based solely on a violation of Ohio RC 4112.02 (A). This Fourth cause of action does not require evidence of a discriminatory intent to make out the *prima facie*. Plaintiff was damaged as previously averred.

WHEREFORE, the Plaintiff demands JUDGMENT against the Defendants, jointly and severally, for his causes of action in an amount of money in excess of Ohio Civil Rule 8 (A) pleading standards for compensatory and punitive damages, costs, interest and attorney fees.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully Submitted,

/s/ Michael Terrence Conway, Esq.
Michael T. Conway, Esq.
Ohio Reg. No. 0058413
SD Texas Reg. No. 925875
Michael T. Conway and Company
3456 Sandlewood Dr.
Brunswick, Ohio 44212
(330) 220-7660 (voice-fax)
Xray2Alpha@aol.com

# SUMMONS IN A CIVIL ACTION — COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21945294 | D1 CM | 43952705 |

Rule 4 (B) Ohio
Rules of Civil Procedure

## SUMMONS

MURRAY FISHER **PLAINTIFF**
VS
AIRGAS, ET AL **DEFENDANT**

AIRGAS
259 NORTH RADNOR-CHESTER RD.
RADNER PA 19087

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

MICHAEL T CONWAY
3456 SANDLEWOOD DR

BRUNSWICK, OH 44212-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

JOSEPH D RUSSO
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas



By _____
Deputy

| DATE SENT |
|---|
| Mar 19, 2021 |

COMPLAINT FILED   03/18/2021

CMSN130

UNITED STATES
POSTAL SERVICE

Date Produced: 03/29/2021

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3544 4073 51. Our records indicate that this item was delivered on 03/24/2021 at 09:47 a.m. in WAYNE, PA 19087. The scanned image of the recipient information is provided below.

Signature of Recipient :

*[handwritten signature]*
TRACY L HANN, [illegible]

Address of Recipient :

259 N Radnor Chester RD
Radnor PA 19087

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

CV21945294 P43852705 / AIRGAS / 2021-3-01-05-10 CV21945294
Customer Reference Number: 2021-3-01-05-10 CV21945294
Sent To: 259 NORTH RADNOR-CHESTER RD. RADNER, PA 19087

| CASE NO. | SUMMONS NO. |
|---|---|
| CV21945294 | D2 CM  43952706 |

Rule 4 (B) Ohio

Rules of Civil Procedure

# SUMMONS

MURRAY FISHER **PLAINTIFF**
VS
AIRGAS, ET AL **DEFENDANT**

AIRGAS
7600 OAK LEAVE RD.
OAKWOOD OH 44146

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Plantiff's Attorney

MICHAEL T CONWAY
3456 SANDLEWOOD DR

BRUNSWICK, OH 44212-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

JOSEPH D RUSSO
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas



By _____
Deputy

DATE SENT
Mar 19, 2021

COMPLAINT FILED  03/18/2021



CMSN130

| CASE NO. | SUMMONS NO. |
|---|---|
| CV21945294 | D3 CM  43952707 |

Rule 4 (B) Ohio

Rules of Civil Procedure

MURRAY FISHER **PLAINTIFF**
VS
AIRGAS, ET AL **DEFENDANT**

# SUMMONS

KRISTOPHER MAJORS
AN INDIVIDUAL
CARE OF AIRGAS
21610 ALEXANDER RD.

OAKWOOD VILLAGE OH 44146

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plantiff's Attorney

MICHAEL T CONWAY
3456 SANDLEWOOD DR

BRUNSWICK, OH 44212-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

JOSEPH D RUSSO
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

By _____
Deputy

| DATE SENT |
|---|
| Mar 19, 2021 |

COMPLAINT FILED    03/18/2021

CMSN130



# Cuyahoga County
# Clerk of Courts

## CASE INFORMATION

**CV-21-945294 MURRAY FISHER vs. AIRGAS, ET AL**

Case Summary | Docket | Parties | Costs / Payments | Service | All | New Search |

View Printer Friendly Version

### Service

| Party Role | Name | Service Description | Sent Date | Response | Response Date |
|---|---|---|---|---|---|
| P(1) | MURRAY FISHER | N/A | | | |
| D(1) | AIRGAS | SUMS COMPLAINT CERTIFIED MAIL | 03/19/2021 | COMPLETED | 03/24/2021 |
| D(2) | AIRGAS | SUMS COMPLAINT CERTIFIED MAIL | 03/19/2021 | | |
| D(3) | KRISTOPHER MAJORS | SUMS COMPLAINT CERTIFIED MAIL | 03/19/2021 | | |

Print Page | Close Window | View Disclaimer | View Printer Friendly Version
Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.
Website Questions or Comments.
Copyright © 2021 PROWARE. All Rights Reserved. 1.1.256

skip to main content

Print

# CASE INFORMATION

## CV-21-945294 MURRAY FISHER vs. AIRGAS, ET AL

### Docket Information

| Filing Date | Docket Party | Docket Type | Docket Description | View Image |
|---|---|---|---|---|
| 03/31/2021 | N/A | SR | USPS RECEIPT NO. 43952705 DELIVERED BY USPS 03/24/2021 AIRGAS PROCESSED BY COC 03/31/2021. | |
| 03/19/2021 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 03/19/2021 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 03/19/2021 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 03/19/2021 | D3 | CS | WRIT FEE | |
| 03/19/2021 | D3 | SR | SUMS COMPLAINT(43952707) SENT BY CERTIFIED MAIL. TO: KRISTOPHER MAJORS CARE OF AIRGAS 21610 ALEXANDER RD. OAKWOOD VILLAGE, OH 44146 | 📄 |
| 03/19/2021 | D2 | CS | WRIT FEE | |
| 03/19/2021 | D2 | SR | SUMS COMPLAINT(43952706) SENT BY CERTIFIED MAIL. TO: AIRGAS 7600 OAK LEAVE RD. OAKWOOD, OH 44146 | 📄 |
| 03/19/2021 | D1 | CS | WRIT FEE | |
| 03/19/2021 | D1 | SR | SUMS COMPLAINT(43952705) SENT BY CERTIFIED MAIL. TO: AIRGAS 259 NORTH RADNOR-CHESTER RD. RADNER, PA 19087 | 📄 |
| 03/19/2021 | N/A | SF | JUDGE JOSEPH D RUSSO ASSIGNED (RANDOM) | |
| 03/19/2021 | P1 | SF | LEGAL RESEARCH | |
| 03/19/2021 | P1 | SF | LEGAL NEWS | |
| 03/19/2021 | P1 | SF | LEGAL AID | |
| 03/19/2021 | P1 | SF | COURT SPECIAL PROJECTS FUND | |
| 03/19/2021 | P1 | SF | COMPUTER FEE | |
| 03/19/2021 | P1 | SF | CLERK'S FEE | |
| 03/19/2021 | P1 | SF | DEPOSIT AMOUNT PAID MICHAEL T CONWAY | |
| 03/18/2021 | N/A | SF | CASE FILED: COMPLAINT | 📄 |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

Website Questions or Comments.
Copyright © 2021 PROWARE. All Rights Reserved. 1.1.256