UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MURRAY FISHER, | ) | CASE NO.   1:21-cv-0829 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) | |
| | ) | |
| AIRGAS USA, LLC, *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| Defendants. | | |

Pending before the Court is Plaintiff's Motion for Leave to File Amended Complaint. (Doc No. 29).   For the reasons that follow, Plaintiff's Motion is GRANTED.

Rule 15(a) indicates that leave to file an amended complaint should be "freely" granted "when justice so requires."  Fed. R. Civ. P. 15(a)(2).   "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).   Further, "the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."  *Id.*

Here, Plaintiff requests leave to file an amended complaint seven months after this Court's deadline to amend the pleadings.  (Doc. No. 12.)   Plaintiff argues that leave should be

granted because he discovered new information during depositions, and he filed this motion less than two weeks after the last deposition, which was before the discovery deadline had passed. (Doc. No. 34 at PageID 187.) He further explains that discovery was delayed in this case due in large part to failed settlement discussions with Defendants. (*Id.*) In fact, on January 1, 2021, this Court previously modified its case management order (Doc. No. 12) to extend the discovery and dispositive motion deadlines.

In response, Defendants raise three arguments. First, they assert that Plaintiff has not provided adequate reasons to explain such a significant delay, as he did not acquire any new information relevant to the Amended Complaint during discovery. (Doc. No. 33 at PageID 178-79.) Second, Defendants assert that granting the requested leave would prejudice them because the discovery deadlines have passed, and the dispositive deadlines are looming; therefore, allowing Plaintiff to amend the complaint now would force them to spend additional time on discovery and dispositive motions to address the new claims.[1] (*Id.* at PageID 179.) Third, Defendants argue that the negligence claim is futile because Plaintiff's additional claim could not survive a motion to dismiss. (*Id.* at PageID 181.)

Having considered these arguments, the Court will allow Plaintiff to file his Amended Complaint. Defendants have not shown that Plaintiff has acted in "bad faith" or with a "dilatory motive" by seeking leave to amend his complaint at this stage in litigation. Nor have they adequately addressed Plaintiff's argument that the deposition of Defendants' HR manager led to new information relevant to the Amended Complaint. (Doc. No. 34 at PageID 188.) Moreover, the Court finds that looking into the merits of Plaintiff's negligence claim is better addressed after a full briefing on a motion to dismiss or summary judgment motion. Essentially,

---

[1] The discovery deadline had not passed at the time Plaintiff filed for leave to amend the complaint.

Defendants' arguments against leave come down to an assertion that granting this motion will prejudice them because it will needlessly delay the proceeding. But the Sixth Circuit has made clear that delay alone is not enough under Rule 15(a) when the Defendant will face only "relatively light prejudice." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986).

For the foregoing reasons, Plaintiff's Motion for Leave to File Amended Complaint is GRANTED. Accordingly, the Court deems the Amended Complaint (Doc. No. 29-1) as filed and the operative complaint in this case. The Court amends its 1/5/22 minute entry and extends the discovery deadline until June 15, 2022, and the dispositive motion deadline until July 18, 2022.

IT IS SO ORDERED.

Date: May 2, 2022

BRIDGET M. BRENNAN
U.S. DISTRICT JUDGE